| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO.: 5:25-CR-1941** |
| | § | |
| **EDGAR EMILIO RAMIREZ DIAZ and** | § | |
| **EMILIO RAMIREZ CORTEZ,** | § | |
| **Defendants** | § | |
| | § | |

### <u>MOTION FOR PRELIMINARY ORDER OF FORFEITURE</u>

Now comes the United States by and through the United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney requesting the Court to enter a Preliminary Order of Forfeiture. In support of this motion, the United States submits the following:

***Relevant Procedural History:***

1. Defendants, EDGAR EMILIO RAMIREZ DIAZ and EMILIO RAMIREZ CORTEZ, entered a guilty plea before United States Magistrate Judge Diana Song Quiroga to Counts One and Two of the Indictment. Count One charges them with smuggling goods from the United States, in violation of 18 U.S.C. §§ 554(a) and 2. Count Two charges them with trafficking in firearms, in violation of 18 U.S.C. §§ 933(a)(1) and (3), and 933(b).

2. The Indictment included a Notice of Forfeiture pursuant to 19 U.S.C. § 1595a(d), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), in which the United States sought forfeiture of the following firearms, firearm components, and ammunition:

| | |
|---|---|
| 534 firearms | 12 rifle slings |
| 31,482 rounds of ammunition | 1 suppressor or muzzle break |
| 525 magazines | 1 light |
| 40 scopes | 1 vertical foregrip |
| 4 lasers | 1 bipod |
| | 1 holster |

(hereinafter referred to as Subject Property). Dkt. No. 27.

3. The factual basis submitted by the government in support of the plea and forfeiture establishes the requisite nexus between the Subject Property and the offense of smuggling goods from the United States and trafficking in firearms, to which the Defendants have pleaded guilty. Specifically, a summarized factual basis establishes that on October 23, 2025, United States Customs and Border Protection Officers (CBPOs) were working outbound inspections at the Juarez-Lincoln Port of Entry in Laredo, Texas when they encountered two vehicles traveling in tandem, a Chevrolet Tahoe hauling a white box trailer and the second, a Chevrolet Silverado hauling a white box trailer. Both vehicles were traveling into Mexico.

CBPOs identified the driver of the Chevrolet Tahoe as Edgar Emilio Ramirez Diaz. Defendant Ramirez Diaz informed CBPOs he was traveling with his father identified as Emilio Ramirez Cortez who was following behind in the Chevrolet Silverado.

Both vehicles were then escorted to secondary inspection where CBPOs obtained a negative customs declaration from both Defendants for the exportation of any firearms, weapon parts, and ammunition.

During secondary inspection a CBPO Canine Enforcement Officer along with his Currency and Firearms detection canine conducted a sniff of the vehicles, which alerted to the presence of the odor of weapons, ammunition, and/or currency. CBPOs next inspected both vehicles and box trailers. These inspections resulted in the discovery of the Subject Property concealed within false walls of both utility trailers.

Following rights advisement and waiver, both Defendants admitted to knowingly attempting to smuggle into Mexico and trafficking the firearms, ammunition, and firearm components in violation of the law. Both admitted to conspiring to do so and having successfully done so on other occasions with co-conspirators. Both further admitted that they did not possess a license to export the Subject Property. A records check and license determination confirmed

neither Defendant Ramirez Cortez nor Defendant Ramirez Diaz have ever received a license from the Department of Commerce to export any of the seized items.

ATF conducted a firearm nexus of the seized firearms and determined several were made outside the State of Texas and were in and affecting interstate and foreign commerce.

Furthermore, both Defendants agreed to the forfeiture of the Subject Property in their signed plea agreements. Dkt. Nos. 39 & 42 at ¶ 21.

***Statutory Authority for Entry of Preliminary Order of Forfeiture:***

4.      Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure provides that a forfeiture determination "may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court a relevant and reliable." The factual basis of record supports a finding that Subject Property was property that was involved in the offense of conviction and is, accordingly, subject to forfeiture.

The United States respectfully requests that upon adoption of the Reports and Recommendations of the Magistrate Judge, the Court to enter the attached Preliminary Order of Forfeiture forfeiting the Subject Property to the United States.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney


By:     */s/ Mary Ellen Smyth*
MARY ELLEN SMYTH
Assistant U.S. Attorney
U.S. Attorney's Office
11204 McPherson Road, Suite 100A
Laredo, TX 78045
(956) 723-6523

## CERTIFICATE OF SERVICE

On the date filing, the above Motion for Preliminary Order of Forfeiture and purposed Order was served upon the Defendants, by and through their attorneys of record via electronic filing.

/s/ Mary Ellen Smyth
MARY ELLEN SMYTH
Assistant United States Attorney